IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

FILED
2019 JAN 28 PM 3: 19
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY

| | | |
|---|---|---|
| GILBERTO LOYA-RUIZ, | § | |
| Plaintiff, | § | JUDGE PHILIP MARTINEZ |
| v. | § | Cause No. ________________ |
| CHENG FANG, HOGNBING DENG. BINGYE CHEN. AND BAYONET TRANSPORT, INC., AND ANY JOHN OR JANE DOES, | § | EP19CV0033 |
| Defendants. | § | |

**DEFENDANT CHENG FANG'S AND BINGYE CHEN'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** CHENG FANG and BINGYE CHEN, Defendants in the above-entitled and captioned cause, and submit their Notice of Removal, and for jurisdiction respectfully show the following:

1. These parties were named as Defendants in the case styled Gilberto Loya Ruiz v. Cheng Fang, Hognbing Deng, Bingye Chen, and Bayonet Transport, Inc., and Any John or Jane Does; Cause No. 2018-DCV4723, pending in the 120th District Court of El Paso County, Texas (hereinafter "The State Court Action"). The State Court Action arises out of a motor vehicle accident that occurred in El Paso County, Texas on or about December 17, 2016. A true and correct copy of the docket sheet from The State Court Action is attached as Exhibit "A." Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders "in The State Court Action are being filed with this Notice, and are attached as Exhibit "B".

2. In First Amended Plaintiff's Petition, Plaintiff's operative pleading, Plaintiff is alleged to be "an Individual whose address is 2030 E. Paisano #1, El Paso, Texas 79901", although his

citizenship is not specified. According to the police report, Plaintiff resides in El Paso, Texas and holds a driver's license from the Republic of Mexico. A true and correct copy of the police report is attached as Exhibit "C."

3. Plaintiff further alleges that Defendant Fang "is a resident of California and may be served with process at the following address: 223 N. Lincoln #A, Monterrey Park, California 91755", although his citizenship is not specified. Defendant Fang resides at the address identified. As of the time The State Court Action commenced, this Defendant was, has always been, and currently still is a citizen of the People's Republic of China.

4. Plaintiff further alleges that Defendant Bayonet Transport Inc. is "a California corporation that dissolved on or about September 1, 2017 and can be served through its registered agent BINGYE CHEN at 12223 Highland #106 Ave., Rancho Cucamonga, CA 91739. A true and correct copy of the Certificate of Dissolution, dated September 1, 2017, is attached as Exhibit "D." Defendant Bayonet has not been served as of the time The State Court Action is removed. Accordingly, its consent to removal is not necessary. 28 U.S.C. § 1446(b)(2) (requiring consent by defendants who have been "properly joined *and served*") (emphasis added).

5. Plaintiff further alleges that Defendant Chen "is a resident of California and may be served with process at the following address: 12223 Highland # 106 Ave., Rancho Cucamonga, CA 91739." Defendant Chen has not been served as of the time The State Court Action is removed. Accordingly, his consent to removal is not necessary. 28 U.S.C. § 1446(b)(2) (requiring consent by defendants who have been "properly joined *and served*") (emphasis added).

6. Plaintiff further alleges that Defendant Deng is a "resident of California [who] may be served with process wherever he may be found." Defendant Deng has not been served as of the

time The State Court Action is removed. Accordingly, his consent to removal is not necessary. *See* 28 U.S.C. § 1446(b)(2).

7. Plaintiff further identifies "JOHN DOE and/or JANE DOE, other unidentified individual shareholders of Bayonet Transport Inc. unknown at this time [who] may be served at an address when their identities are discovered." These unknown parties have not been served as of the time The State Court Action is removed. Accordingly, consent to removal is not necessary. *See* 28 U.S.C. § 1446(b)(2).

8. The State Court Action commenced on December 14, 2018 with the filing of Plaintiff's Original Petition. Defendants Fang and Chen were served on December 27, 2018, triggering the removal period. *See McCrary v. Kansas City S. Ry. Co.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. June 15, 2000); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1999). Defendant Fang answered on January 18, 2019. Defendant Chen answered, subject to his special appearance, on January 25, 2019. Defendant Chen consents to the removal of The State Court Action as noted in his answer.

9. Plaintiff's Original Petition seeks an unspecified range of monetary relief "in excess of $1,000,000.00." In addition, the petition asserts that Plaintiff suffered damages including past and future medical expenses, past and future physical pain and suffering, and past and future mental anguish.

7. The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). However, if the state's practice does not permit demands for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* § 1446(c)(2)(A)(ii). In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases

even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3–7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2–4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). That being said, a Plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez,* 2011 WL 318294 at *5. In this case, Plaintiff has asserted an extensive list of damages, both in the past and continuing in the future. Plaintiff has pleaded the case as being worth more than $1,000,000.00. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in the Plaintiff's Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

8. This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(2) because Defendants Fang and Chen are citizens of the People's Republic of China, and Defendants Bayonet, Deng, Fang and Chen and are not citizens or residents of the State of Texas, so there is complete diversity of citizenship between Plaintiff and Defendants, and assuming that Plaintiff demanded the sum in his Original Petition in good faith, then at least $1,000,000.00 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

9. This Notice is timely filed pursuant to 28 U.S.C. §1446(b), since it was filed within thirty

(30) days of the receipt of Plaintiff's Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action.

10. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as the District and Division where The State Court Action is pending.

11. Pursuant to 28. U.S.C. § 1446(d), Defendants will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that pursuant to the above-referenced authorities, that The State Court Action be removed, that this Honorable Court exercise its original jurisdiction over The State Court Action, and that Defendant be granted such other and further relief, general or special, legal or equitable, to which may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS**
**SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: hutterer@mgmsg.com

By: ______________________
**Darryl S. Vereen**
State Bar No. 00785148
**Frederick C. Hutterer III**
State Bar No. 24100492

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I, **Frederick C. Hutterer III**, hereby certify that on this 28 day of January, 2019, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorney(s) of record: Thomas D. Carter IV, Esq., carterthomas909@gmail.com, 909 E. Rio Grande, El Paso, Texas 79902.

**Frederick C. Hutterer III**

002471/00165/FHUT/1416523